# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SOUTHRIDGE PARTNERS II, LP,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 4:22-cv-2243** |
| | § | |
| **vs.** | § | **Jury Requested** |
| | § | |
| **MARKETING WORLDWIDE** | § | |
| **CORPORATION AND** | § | |
| **JASON SCHLENK,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS MARKETING WORLDWIDE CORPORATION AND JASON SCHLENK'S ORIGINAL ANSWER

Defendants Marketing Worldwide Corporation ("MWWC") and Jason Schlenk ("Schlenk") (together, "Defendants") file this Answer[1] in response to Plaintiff Southridge Partners II LP's ("Southridge" or "Plaintiff") Original Complaint (the "Complaint"), and Defendants respectfully state:

## I.     ANSWER

### JURISDICTION AND VENUE

1.     As Paragraph 1 of Plaintiff's Complaint merely states "JURISDICTION AND VENUE," no response is necessary, but, to the extent a response is required, such allegations are denied.

2.     Defendants admit that Plaintiff purports to invoke this Court's federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendants further admit that Plaintiff is seeking in excess of $75,000.00, which exceeds the amount in controversy specified by 28 U.S.C.

---

[1] Plaintiff's inclusion of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), requiring that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As such, no response is required to these footnotes.

§ 1332.  Defendants, however, expressly deny any inferences that they have violated any law or committed any wrongdoing.

3.      Defendants admit that supplemental jurisdiction may exist, however Defendants expressly deny any inferences that they have violated any law or committed any wrongdoing.

4.      Defendants admit that venue is proper in this district, but deny that MWWC is headquartered in this district.

5.      Defendant MWWC admits that it utilized means and instrumentalities of interstate commerce.  Defendant MWWC denies the remaining allegations and inferences in Paragraph 5, and expressly denies that it has violated any law or committed any wrongdoing.

## PARTIES

6.      As Paragraph 6 merely states "PARTIES," no response is necessary.  To the extent a response is necessary, such allegations are denied.

7.      Defendants lack sufficient information to admit or deny Plaintiff's state of organization and the location of Plaintiff's principal place of business, and, therefore, Defendants deny the allegations.

8.      MWWC admits that it is a Wyoming Corporation and that MWWC's Wyoming registered agent is Michele Goodrich, 312B Murray Road, Cheyenne, WY 82007, and that it has been properly served with the above-captioned lawsuit.

9.      In response to the allegations in Paragraph 9, Mr. Schlenk admits that he is an individual.  Mr. Schlenk, however, expressly denies the remaining allegations and inferences in Paragraph 9.

## FACTS

10.     As Paragraph 10 merely states "FACTS," no response is necessary.  To the extent a response is necessary, such allegations are denied.

11.     Defendants lack sufficient information to admit or deny Plaintiff's state of organization or Plaintiff's provisions of services/business endeavors, and, therefore, Defendants deny the allegations.

12.     Defendants admit that MWWC was incorporated in Delaware. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 12, and, therefore, Defendants deny the allegations.

13.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 13, and, therefore, Defendants deny the allegations.

14.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 14, and, therefore, Defendants deny the allegations.

15.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 15, and, therefore, Defendants deny the allegations.

16.     Defendants admit that an acquisition document dated May 22, 2012, was entitled "Marketing Worldwide Corporation Certificate of Designation of Series E 6% Convertible Preferred Stock."

17.     Defendants admit the Certificate of Designation filed as Exhibit 1 to the May 2011 Form 8-K filed by MWWC listed certain "Protective Provisions" identified in Section 4(a). Defendants lack sufficient information to admit or deny whether it provided any alleged protective provisions to Plaintiff, and, therefore, Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that Paragraph 18 provides an excerpt regarding Section 4(a) of Exhibit 1 to its May 2011 Form 8-K.  Defendants, however, expressly deny that Plaintiff has standing and further expressly deny that they have violated any law or committed any wrongdoing.

19.     Defendants admit the existence of a provision titled "Conversions at the Option of Holder" within Section 6(a) of Exhibit 1 to its May 2011 Form 8-K.  Defendants, however, lack sufficient information to admit or deny whether Plaintiff had the right to convert shares of preferred stock at its option, and, therefore, Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants admit the existence of a provision regarding "Conversion Price" within Section 6(b) of Exhibit 1 to its May 2011 Form 8-K.  Defendants deny all remaining allegations and inferences in Paragraph 20.

21.     Defendants admit the existence of a provision titled "Delivery of Certificate Upon Conversion" within Section 6(c)(i) of Exhibit 1 to its May 2011 Form 8-K.  Defendants deny all remaining allegations and inferences in Paragraph 21.

22.     Defendants admit the existence of a provision titled "Delivery of Certificate Upon Conversion" within Section 6(c)(iii) of Exhibit 1 to its May 2011 Form 8-K.  Defendants deny all remaining allegations and inferences in Paragraph 22.

23.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 23, and, therefore, Defendants deny the allegations.

24.     Defendants admit that MWWC filed a Form 15 pursuant to Rule 12g-4(a)(1) with the Securities and Exchange Commission dated June 18, 2013.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 24, and, therefore, Defendants deny the allegations.

25.     Defendants admit that on July 23, 2021, MWWC filed a Notice of Entity election identifying Ted Ralston as the Director, President, and Secretary of MWWC.  Defendants further admit that MWWC filed a Notice of Entity Election, electing Wyoming as MWWC's state of incorporation, on July 23, 2021.  Defendants further admit that in MWWC's July 23, 2021 "Profit Corporation Articles of Incorporation," Anthony F. Newton was indicated as incorporator.

26.     In response to the allegations in Paragraph 26, Defendants admit that on October 7, 2021, MWWC updated its registered agent to Michele Goodrich, 312B Murray Road, Cheyenne, WY 82007.

27.     Defendants admit that on December 10, 2021, MWWC filed a merger between the Delaware-based MWWC and the Wyoming-based MWWC, and that the latter was the surviving corporation.

28.     Defendants admit that MWWC filed a Quarterly Report on March 31, 2022 and that Paragraph 28 contains an excerpt of that report.

29.     Defendants expressly deny the allegations in Paragraph 29, and further deny that they have violated any law or committed any wrongdoing.

30.     Defendants expressly deny the allegations in Paragraph 30, and further deny that they have violated any law or committed any wrongdoing.

31.     Defendants admit the existence of Section 8(a) of the December 10, 2021, merger agreement and that Section 8(a) is titled "Conversion of Common Stock."  Defendants further admit that Paragraph 31 contains an excerpt of that merger agreement.  Defendants deny all remaining allegations and inferences in Paragraph 31.

32.     Defendants admit that MWWC operates as an acquisition incubator, purchasing companies and patents.   Defendants further admit that MWWC's current website is http://www.marketingworldwide.co/.

33.     Defendants admit that Paragraph 33 contains an excerpt of MWWC's March 31, 2022 10-Q.  Defendants, however, deny the remaining allegations and inferences in Paragraph 33.

34.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 34, and, therefore, deny the allegations.

35.     Defendants admit that Southridge sent a notice of conversion to MWWC, MWWC's counsel, and MWWC's transfer agent.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 35, and, therefore, Defendants deny the allegations.

36.     As Paragraph 36 of Plaintiff's Complaint merely states "CAUSE OF ACTION NO. 1: CONVERSION (AS TO MWWC AND SCHLENK)," no response is necessary.  To the extent a response is necessary, Defendants deny the allegations.

37.     Defendants admit that MWWC was redomiciled in Wyoming.  Defendants lack sufficient information to admit or deny whether or how long Southridge has owned Series E stock, if at all, and, therefore, Defendants deny that allegation.  Defendants deny the remaining allegations and inferences in Paragraph 37.

38.     The allegations in Paragraph 38 are legal contentions that do not require a response by Defendants; but, to the extent that a response is required, such allegations are denied.  Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

39.     Defendants deny that Plaintiff or anyone else is entitled to the damages requested in Paragraph 39.  Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

40.     Defendants deny all allegations and inferences in Paragraph 40.

41.     Defendants deny that Plaintiff or anyone else is entitled to the damages requested in Paragraph 41.  Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

42.     As Paragraph 42 of Plaintiff's Complaint merely states "CAUSE OF ACTION NO. 2: VIOLATION OF TEXAS UNIFORM COMMERCIAL CODE CHAPTER 8 – INVESTMENT SECURITIES (AS TO MWWC AND SCHLENK)," no response is necessary.  To the extent a response is necessary, Defendants deny the allegations.

43.     The allegations in Paragraph 43 are legal contentions that do not require a response by Defendants; but, to the extent that a response is required, such allegations are denied. Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

44.     The allegations in Paragraph 44 are legal contentions that do not require a response by Defendants; but, to the extent that a response is required, such allegations are denied. Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

45.     The allegations in Paragraph 45 are legal contentions that do not require a response by Defendants; but, to the extent that a response is required, such allegations are denied. Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

46.     The allegations in Paragraph 46 are legal contentions that do not require a response by Defendants; but, to the extent that a response is required, such allegations are denied. Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

47.     Defendants deny that Plaintiff or anyone else is entitled to the damages requested in Paragraph 47.  Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

48.     As Paragraph 48 of Plaintiff's Complaint merely states "CAUSE OF ACTION NO. 3: BREACH OF CONTRACT AS TO THE ORGANIZATIONAL DOCUMENT (AS TO MWWC AND SCHLENK)," no response is necessary.  To the extent a response is necessary, Defendants deny the allegations.

49.     Defendants admit that MWWC was redomiciled via a merger dated December 10, 2021. Defendants lack sufficient information to admit or deny when or whether Plaintiff purchased or is subject to the "protective provision" it claims, and, therefore, Defendants deny the same. Defendants deny the remaining allegations and inferences in Paragraph 49.

50.     Defendants deny that Plaintiff or anyone else is entitled to the damages requested in Paragraph 50.  Defendants further deny any allegation or inference that they have violated any law or committed any wrongdoing.

51.     As Paragraph 51 of Plaintiff's Complaint merely states "CAUSE OF ACTION NO. 4: BREACH OF CONTRACT AS TO THE PROMISSORY NOTES (AS TO MWWC)," no response is necessary.  To the extent a response is necessary, Defendants deny the allegations.

52. Defendants lack sufficient information to admit or deny whether Southridge was issued promissory notes, and, therefore, Defendants deny the same. Defendants deny the remaining allegations and inferences in Paragraph 52.

53. Defendants deny that Plaintiff or anyone else is entitled to the damages requested in Paragraph 53. Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

54. As Paragraph 54 of Plaintiff's Complaint merely states "CAUSE OF ACTION NO. 5: VIOLATIONS OF SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5 (AS TO MWWC AND SCHLENK)," no response is necessary. To the extent a response is necessary, Defendants deny the allegations.

55. Defendants admit that Plaintiff purports to incorporate its preceding allegations in the Complaint. In response to Paragraph 55, Defendants incorporate and re-plead their preceding responses as if fully set forth herein.

56. Defendants admit that Plaintiff asserts a claim under Section 10(b) of the exchange act, and that Plaintiff has correctly cited 15 U.S.C. Section 78j(b). Defendants deny the remaining allegations and inferences in Paragraph 56.

57. Defendants deny all allegations and inferences in Paragraph 57.

58. Defendants deny all allegations and inferences in Paragraph 58.

59. Defendants deny all allegations and inferences in Paragraph 59.

60. Defendants admit that Schlenk exercises control and authority over MWWC. Defendants, however, expressly deny that they have violated any law or committed any wrongdoing.

61.     Defendants deny that Plaintiff or anyone else is entitled to the damages requested in Paragraph 61.  Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

62.     As Paragraph 62 of Plaintiff's Complaint merely states "ATTORNEY'S FEES" no response is necessary.  To the extent a response is necessary, Defendants deny the allegations.

63.     Defendants deny that Plaintiff or anyone else is entitled to recover the attorneys' fees requested in Paragraph 63.  Defendants further expressly deny any allegation or inference that they have violated any law or committed any wrongdoing.

64.     As Paragraph 64 of Plaintiff's Complaint merely states "RESERVATION AND RIGHT TO AMEND" no response is necessary.  To the extent a response is necessary, Defendants deny the allegations.

65.     Defendants admit that Plaintiff purports to reserve its right to amend or supplement its pleadings.

66.     As Paragraph 66 of Plaintiff's Complaint merely states "REQUESTS FOR RELIEF" no response is necessary.  To the extent a response is necessary, Defendants deny the allegations.

67.     Defendants deny that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in the Complaint's Requests for Relief, Paragraph 67, including subparts a-g.

68.     Since Paragraph 68 of Plaintiff's Complaint merely states "Respectfully submitted this 7th day of July 2022," no response is necessary.  To the extent a response is necessary, Defendants admit that Plaintiff submitted the Complaint on July 7, 2022.  Defendants deny the remaining allegations.

## AFFIRMATIVE DEFENSES

Defendants allege and assert the following defenses in response to the allegations contained in Plaintiff's Complaint. Defendants undertake the burden of proof only as to those defenses that are deemed affirmative defenses by law, regardless of how such defenses are denominated in the Answer. Defendants reserve the right to assert other affirmative defenses as this action proceeds based on further discovery, legal research, or analysis that may supply additional facts or lend new meaning or clarification to Plaintiff's claims in its Complaint.

69. Plaintiff's Complaint, in whole or in part, fails to state facts sufficient to constitute any cause of action against Defendants and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and any applicable state law.

70. Plaintiff's claims against Schlenk are barred, in whole or in part, because any acts or omissions allegedly performed by Schlenk were performed within his capacity as Chief Executive Officer of MWWC at all times relevant to Plaintiff's Complaint.

71. Under the doctrine of avoidable consequences, Plaintiff is not entitled to recover damages that could be or have been mitigated. *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444, 447–449 (Tex. 1967).

72. If MWWC refused to surrender the Series E Shares of Preferred Stock to Plaintiff, which MWWC expressly denies, MWWC refused only because Plaintiff failed to properly identify or otherwise establish themselves as the owner of the Shares. At all relevant times, MWWC was ready and willing to deliver the property to Plaintiff on a proper showing by Plaintiff that Plaintiff in fact owned the promissory notes or otherwise established the existence and proper ownership of the alleged Series E Shares.

73.     Defendants assert that MWWC's refusal to deliver the Shares on which Plaintiff's action for conversion is based was not absolute, but rather was qualified by the following reasonable and justifiable conditions: Plaintiff failed to provide the promissory notes, Plaintiff failed to provide the certificates of stock for the Series E Preferred Stock, Plaintiff failed to show its connection to the entity "Vision Opportunity Fund Ltd," which is the only entity cited in the May 2011 8-K form upon which Plaintiff's claim rests.  Defendant MWWC imposed these conditions in good faith, and in recognition of the Plaintiff's rights, if any such rights can be shown.

74.     Defendant MWWC distinctly stated the reason for Defendant's qualified refusal to the Plaintiff at the time of MWWC's refusal to return the property.  Therefore, MWWC's qualified refusal will not serve as a sufficient basis for an action for conversion.

75.     Plaintiff lacks standing to assert any claim for securities fraud. Plaintiff's claim does not satisfy the so-called "purchaser-seller rule," which provides that only a plaintiff that is an actual purchaser or seller of a security have standing to sue for securities fraud. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730-31 (1975).

76.     Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

77.     Some or all of Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

78.     Some or all of Plaintiff's claims are barred by its failure to mitigate any alleged damages.

79.     Plaintiff's securities fraud claims under federal and Texas law fail because there is no cause of action for conspiracy to commit violations of the securities acts.

80.     Plaintiff's securities fraud claims under federal and Texas law fail because Defendants did not make any misstatements or omissions of material facts with scienter.

81. Plaintiff's complaint fails to plead fraud with particularity as required by FRCP 9(b) and the Private Securities Litigation Reform Act of 1995. As to Plaintiff's allegation based on its "information and belief," Plaintiff fails to state all facts on which that belief was formed.

82. As to Plaintiff's allegation of Defendants' state of mind, Plaintiff fails to state facts giving rise to a strong inference that the Defendants acted with the requisite state of mind.

83. Defendants did not make a misrepresentation or fail to disclose information known to it at the time of the act or omission of which the Plaintiff complains.

84. Any misrepresentation or omission the Defendants committed was not material because Defendants did not commit any misrepresentation or omission regarding the securities in question.

85. Defendants did not act with the requisite scienter because the Defendants lacked fraudulent intent, acted in good faith, and Defendants did not owe Plaintiff any duty to disclose.

86. Plaintiff could not have reasonably relied on any material misimpression created by an omission, because the Plaintiff failed to exercise due diligence before or while purchasing or selling the securities in question.

87. Plaintiff's sophistication and experience precluded them, as a matter of law, from relying on or being materially misled by any alleged misrepresentation or omission.

88. Plaintiff did not suffer an economic loss attributable to the Defendants' alleged acts or omissions.

89. Defendants fully complied with industry practice and all then-existing rules and regulations of the SEC and other regulators.

90. Plaintiff's claim for attorney's fees pursuant to Texas common law and/or Chapter 38 of Texas Civil Practice & Remedies Code fails because Defendants have not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble or expense.

91. Defendants reserve the right to add additional defenses as this case progresses.

## CONCLUSION

WHEREFORE, Defendants deny they are liable to Plaintiff, deny they have violated any law or committed any wrongdoing, and further deny Plaintiff is entitled to any damages or other relief. Defendants pray that Plaintiff takes nothing by this suit, that judgment be entered on behalf of Defendants, that Defendants be awarded their costs of court and attorneys' fees, and that Defendants be granted all other relief to which they are entitled or which this Court may deem just and proper.

Respectfully submitted,

*/s/ Felicity A. Fowler*
Felicity A. Fowler (attorney-in-charge)
State Bar No. 00784076
Southern District Bar No. 15670
ffowler@mcginnislaw.com
Donald D. Jackson
State Bar No. 00787753
Southern District Bar No. 17137
djackson@mcginnislaw.com
**MCGINNIS LOCHRIDGE, LLP**
609 Main Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 615-8547
Telecopier: (713) 328-1847

**ATTORNEYS FOR DEFENDANT
MARKETING WORLDWIDE
CORPORATION AND
JASON SCHLENK**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was served upon all counsel of record pursuant to the Court's ECF filing system and the Federal Rules of Civil Procedure on this 6th day of September, 2022.

*/s/ Felicity A. Fowler*
Felicity A. Fowler